**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1673

FERRY UMBOH,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A96-291-329)

Submitted:  January 13, 2006        Decided:  February 6, 2006

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Howard T. Mei, LAW OFFICES OF HOWARD T. MEI, Bethesda, Maryland, for Petitioner.  Rod J. Rosenstein, United States Attorney, Larry D. Adams, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ferry Umboh, a native and citizen of Indonesia, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming the ruling of the immigration judge finding Umboh removable and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] We deny the petition for review.

We will reverse a determination denying eligibility for asylum "only if the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations omitted). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). The immigration judge did so in this case. Therefore, substantial evidence supports the Board's ruling that Umboh did not sustain the burden of proving himself eligible for asylum. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (holding a determination regarding eligibility for asylum is conclusive if supported by substantial evidence on the record considered as a whole).

---

[*]Umboh does not challenge the Board's denial of his applications for withholding of removal or protection under the Convention Against Torture. Therefore, these claims are abandoned. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED